IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.    CRIMINAL NO. 4:14-cr-00141-GHD-SAA-10

KATHY JUNE SHADBURN    DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT KATHY JUNE SHADBURN'S MOTION FOR CREDIT ON SENTENCE FOR TIME SERVED

Presently before the Court is a motion for credit on sentence for time served [451] filed by Defendant Kathy June Shadburn ("Defendant"). The Court finds the motion is not well taken. However, Defendant may be able to refile her motion at a later date, as explained below.

On December 17, 2015, this Court sentenced Defendant to a term of imprisonment of 96 months on Count 1 of the Indictment, two years of supervised release, and a $100 mandatory assessment. Defendant has now filed the present motion for credit on sentence for time served [451] wherein she seeks credit against her sentence for the 45 days she was incarcerated at Federal Medical Center Carswell for a mental capacity evaluation from July 8, 2015 until August 21, 2015.

For offenses committed after November 1, 1987, federal sentences and prior custody credits are governed by the following provisions of 18 U.S.C. § 3585:

> a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

A defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b); *see Sell v. United States*, 539 U.S. 166, 186, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003). A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. *United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992). "After a district court sentences a federal offender, the Attorney General [of the United States], through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); *see* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").

"District courts are not authorized under 18 U.S.C. § 3585 to compute service credit. Prisoners may seek administrative review of the computation of their credit; they may pursue judicial review of their sentence computation only after exhausting their administrative remedies." *United States v. Castillo-Saucedo*, 475 F. App'x 991, 992 (5th Cir. Aug. 21, 2012) (per curiam) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)).

Accordingly, Defendant first must seek review of her credit through the Bureau of Prisons, and the Bureau of Prisons must make a decision. Once this is done, Defendant will be considered to have "exhaust[ed] [her] administrative remedies." At that time, if Defendant

wishes, she may file another motion for credit on sentence for time served in this Court; she should include the following in the motion:

(1) Defendant should explain how she tried to resolve the matter with the Bureau of Prisons;

(2) Defendant should explain the decision of the Bureau of Prisons; and

(3) Defendant should explain whether her federal sentence had commenced before or after she served time during the dates alleged. Defendant should note that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of her federal sentence.

ACCORDINGLY, Defendant's motion for credit on sentence for time served [451] is DENIED; Defendant may file a new motion if and when she has exhausted her administrative remedies.

An order in accordance with this opinion shall issue this day.

THIS, the 7th day of March, 2016.

_____
SENIOR U.S. DISTRICT JUDGE