IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KATHY JUNE SHADBURN,                                   PETITIONER

v.                                                                  No. 4:14CR141-GHD-RP

UNITED STATES OF AMERICA                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Kathy June Shadburn to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed, as the Movant waived her right to seek post-conviction collateral relief in her plea agreement, and she procedurally defaulted the sole claim raised in the instant motion.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

In October 2014, a Grand Jury returned an Indictment charging Kathy June Shadburn, along with many other defendants, regarding the criminal activities of the Aryan Brotherhood of

Mississippi ("ABM"), a violent, race-based prison gang. The Indictment charged Ms. Shadburn with Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. § 1962(d) and Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 846. (See Superseding Indictment, Doc. 203). The charges against Ms. Shadburn arose from her involvement with Perry Mask, one of the primary leaders of the ABM, who was serving a life sentence for murder at the time of the racketeering conspiracy.

In April of 2015, the Grand Jury returned a Superseding Indictment against Ms. Shadburn and sixteen co-defendants. The charges against her remained unchanged in the Superseding Indictment. On September 14, 2015, she changed her plea to guilty on Count One of the original Indictment and explicitly waived her right to collaterally attack her conviction and sentence under 28 U.S.C. §2255. (See Plea Agreement, ¶ 5; Attached Exhibit "A" of the Government's response). With two prior drug trafficking felonies on her record, Ms. Shadburn qualified as a career offender under the Sentencing Guidelines, and her Pre-Sentence Investigation Report ("PSR") provided for a guideline imprisonment range of 262 months to 327 months with a total offense level of 34 and a criminal history category of VI. (PSR, ¶ 97).

On December 17, 2015, the court sentenced Shadburn to 96 months imprisonment followed by two years of supervised release. She did not pursue a direct appeal of her conviction or sentence. She then filed a motion for credit for 45 days served at the Federal Medical Center Carswell for a mental capacity evaluation (Doc. 451), which the court denied (Doc. 484).

Ms. Shadburn then filed the present motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The sole claim she raised is that she played "a minor role and is entitled to injunction." (See § 2255 Petition, Doc. 614, p. 5). She claims that she did not pursue a direct

appeal on this issue because the "Amendment just became available." (See § 2255 Petition, p. 6). She seeks "Immediate and unconditional release." (§ 2255 Petition, p. 13).

## Discussion

Although not specifically named in the § 2255 motion, Amendment 794 to the Sentencing Guidelines is the amendment to which Ms. Shadburn refers. The amendment left the text of Section 3B1.2 (regarding "Mitigating Role") unchanged but altered the commentary to that section. *See United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). Contrary to Ms. Shadburn's claim, Amendment 794 was not recently added; instead, it became effective on November 1, 2015, *prior to* Ms. Shadburn's sentencing on December 17, 2015. *See* Amendment 794, U.S.S.G. § 3B1.2, November 1, 2015. The amendment was thus in effect and valid at the time of her sentencing; as such, the waiver of collateral attack in her plea agreement precludes her from raising this issue on § 2255 review. In addition, Ms. Shadburn did not pursue a direct appeal and made no attempt to challenge the application of Section 3B1.2, including Amendment 794. Thus, even if she had not waived her right to collateral review, she has procedurally defaulted and may not pursue this claim in a petition under 28 U.S.C. § 2255.

### Waiver of the Right to Seek *Habeas Corpus* Relief Through 28 U.S.C. § 2255

Even the most basic rights of criminal defendants are subject to waiver. *Peretz v. United States*, 501 U.S. 923, 936, 111 S. Ct. 2661, 115 L. Ed. 2d 808 (1991). A defendant may waive constitutional rights as part of a plea agreement. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S. Ct. 1187, 1192, 94 L. Ed. 2d 405 (1987). The right to appeal is grounded in statute, not the Constitution. *Melancon*, 972 F.2d at 567 (citing *Abney v. United States*, 431 U.S. 651, 656, 97 S. Ct. 2034, 2038, 52 L. Ed. 2d 651 (1977)). A defendant may waive her statutory right to appeal as part of a plea

agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief is valid if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

For a waiver to be knowing and voluntary, the defendant must know that she had "a right to appeal [her] sentence and that [she] was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). For example, in *United States v. McKinney*, the Fifth Circuit found that "[b]ecause [defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary." 406 F.3d 744, 746 (5th Cir. 2005). The district court must "insure that the defendant fully understands [her] right to appeal and the consequences of waiving this right." *United States v. Gonzales*, 259 F.3d 355, 357 (5th Cir. 2001) (citations omitted). Waivers of appeal are enforceable where the waiver language in the plea agreement is clear and unambiguous, and the defendant knowingly and voluntarily waived her rights. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).

A knowing and voluntary waiver of post-conviction review is effective to bar such relief. *Wilkes*, 20 F.3d at 653. The only exception to the waiver is when a claim of ineffective assistance of counsel "directly affected the validity of that waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479, 2004 WL 963250, *3 (5th Cir. May 4, 2004); *see also White*, 307 F. 3d at 339 (a claim of ineffective assistance of counsel survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself.") Should any claims survive the waiver, the § 2255 petitioner bears the burden of establishing her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). A defendant's bare allegations are insufficient to support a claim for relief under

28 U.S.C. § 2255. *United States v. Smith*, No. 90-292, 1993 WL 17683 (E.D. La., January 14, 1993) (unpublished); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (bald assertions, unsupported by anything in the record, are of no probative evidentiary value); *see also United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992) (applying Ross analysis to a 28 U.S.C. § 2255 motion).

> In the present case, Ms. Shadburn's plea agreement contained such a waiver:
>
> WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS:
>
> Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. *Defendant also expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255.* Defendant also expressly waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by defendant or by defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a. Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

(See Plea Agreement, attached as Exhibit "A" to the Government's Response) (emphasis added). In addition, the government read the waiver provision in open court during Ms. Shadburn's change of plea hearing:

> Ms. Shadburn hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this cause and the manner in which the sentence was imposed on any ground whatsoever, including, but not limited to, the grounds set forth in Title 18 USC Section 3742. The defendant also expressly waives all rights to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any post-conviction proceeding, including, but not limited to, a motion brought pursuant to Title 28 USC Section 2255.
>
> Ms. Shadburn also expressly waives all rights, whether asserted directly or by representative, to request or receive from any department or agency of the United

States any records pertaining to the investigation or prosecution of this case including without limitation any records that may be sought by the defendant or the defendant's representation under the Freedom of Information Act, as set forth in Title, 18 USC Section 55.2, or the Privacy Act of 1974, Title 5 USC Section 55.2(a). This waiver does not include any allegation of prosecutorial misconduct or ineffective assistance of counsel.

Your Honor, that is the waiver provision.

(Change of Plea Transcript, pp. 12-13). Both Ms. Shadburn and her counsel informed the court that they agreed with the substance of the Plea Agreement as the government had described. (Change of Plea Tr., p. 15).

The court also ensured that Ms. Shadburn was aware of the waiver provision in the plea agreement:

> Now, as a part of the plea agreement in this case, the defendant has agreed not to appeal the conviction and/or sentence imposed in the case in any manner in which this – or in any manner in which the sentence was imposed on any ground whatsoever, including but not limited to the grounds set forth in 18 United States Code, Section 3742.
>
> She also expressly waives the right to contest or collaterally attack the conviction and/or sentence and the manner in which the sentence was imposed in any posttrial conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C., Section 2255.

(Sentencing Transcript, pp. 14-15). Thus, Ms. Shadburn was clearly aware of the waiver of collateral review contained in her plea agreement.

She testified under oath that she understood the plea agreement, including the waiver, and she has not alleged that that her plea was unknowing or otherwise invalid. Indeed, she did not address the waiver in her § 2255 motion. As the instant motion should be dismissed, Ms. Shadburn waive collateral review under 28 U.S.C. § 2255.

### The Doctrines of Procedural Default and Procedural Bar

In addition, even if Ms. Shadburn had not waived her right to seek § 2255 relief, the sole

- 8 -

claim in the instant motion must be dismissed as procedurally defaulted. A defendant may not raise issues in his § 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). This doctrine is known as *procedural default*. Similarly, if an inmate has raised an issue on direct appeal, and the Fifth Circuit decided he issue against him, the district court may not consider them on collateral review: "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This doctrine is known as *procedural bar*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Default and Procedural Bar

Whether a § 2255 movant's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief on direct appeal. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993) (in the § 2254 context).[1] To establish prejudice, a movant must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney*

---

[1] The doctrines of procedural default and procedural bar operate in a similar manner, whether during a collateral challenge to a state conviction under 28 U.S.C. § 2254, or to a federal conviction under 28 U.S.C. § 2255:

> The procedural default doctrine applies to state prisoners seeking relief under 28 U.S.C.A. § 2254 and federal prisoners seeking relief under 28 U.S.C.A. § 2255.

§ 24:3. General principles, Postconviction Remedies § 24:3. Thus, the court will cite authority in both contexts on this issue.

*v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a movant fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted).

In the instant case, Ms. Shadburn has not claimed that she is actually innocent of the charge of her conviction; instead, she seeks review of her sentence based upon Amendment 794. Thus, to overcome procedural default, she must show cause for her default and prejudice that would result should the court apply the default. She has shown neither.

As an initial matter, Ms. Shadburn's counsel requested that the court consider her as a minor participant during sentencing:

> We requested a downward departure on the basis that she was a minor participant, and I believe the probation service contends that that's not available in cases such as this with her criminal history but would ask you to consider the fact that she is very likely a minor participant.

(Sentencing Tr., p. 5). The government later responded to this argument:

> I would say that Ms. Shadburn would not be eligible for a minor participant reduction from the government's standpoint, because she's held over 10 pounds of methamphetamine for this organization and laundered in drug proceeds. So while her role was not that of a leader, especially in such a male-dominated organization such as the Aryan Brotherhood, I wouldn't classify it as a minor role either.

(Sentencing Tr., p. 8)

As set forth above, Ms. Shadburn's only attempt to show cause for her failure pursue a direct appeal to argue that she played a minor role is her statement that Amendment 794 "just became available." However, as discussed above, the amendment was in effect at the time of her sentencing; as such, the retroactivity of Amendment 794 is not at issue. Finally, even if Ms. Shadburn could show cause for her default, she could not show prejudice from its application, as the court imposed a sentence of 96 months, far below the Guideline range of 262 to 327 months. See PSR ¶ 97.

**Conclusion**

In sum, Ms. Shadburn waived her right to seek post-conviction collateral relief in her plea agreement, and the sole claim raised in the instant § 2255 motion is procedurally defaulted. As such, the instant motion to vacate, set aside, or correct sentence will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 30th day of February, 2019.

_____
SENIOR JUDGE